```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          EASTERN DIVISION
```

| | |
|---|---|
| RYAN AUSTIN, | |
| Plaintiff, | |
| vs. | No. 08-1189-JDB-egb |
| SAMMY DAVIDSON, et al., | |
| Defendants. | |

```
          ORDER ADOPTING REPORT AND RECOMMENDATION
                      (DOCKET ENTRY 43)
              ORDER DENYING MOTION FOR CONTINUANCE
                      (DOCKET ENTRY 44)
            ORDER GRANTING SECOND MOTION FOR CONTEMPT
                      (DOCKET ENTRY 40)
                       ORDER OF DISMISSAL
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                               AND
                  NOTICE OF APPELLATE FILING FEE
```

On August 5, 2008, Plaintiff Ryan Austin filed a pro se complaint pursuant to 42 U.S.C. § 1983, regarding his previous confinement at the Hardin County Jail ("HCJ"). (Docket Entry ("D.E.") 1.) On October 30, 2008, the Court ordered Plaintiff to comply with the Prison Litigation Reform Act of 1995 ("PLRA") or pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). (D.E. 2.) Plaintiff filed a financial affidavit on December 3, 2008. (D.E. 3.) On January 16, 2009, the Court assessed the filing fee, dismissed claims against Defendant Hardeman County Sheriff Sammy Davidson with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and directed the Clerk to issue process for, and the marshal to effect service on, the remaining

Defendants, identified as HCJ Chief Deputy Mike Fielder, HCJ Intake Officers Heather Pinson and Jamison Woody, and HCJ Nurse Amanda Moore. (D.E. 4.)  The Court's order stated in part:

> Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or **any other order of the Court**, may result in this case being dismissed without further notice.

(Id. at 8)(emphasis added.) Defendants answered the complaint on April 8, 2009. (D.E. 17.)

On March 11, 2009, the Court received a letter from Plaintiff which advised that he would be paroled on April 6, 2009. (D.E. 16.) On April 15, 2009, United States Magistrate Judge Edward G. Bryant entered a scheduling order which set a discovery deadline of August 15, 2009.  On April 20, 2009, Plaintiff notified the Clerk of his address while on parole.

On July 15, 2009, Defendants' filed a motion to compel based on Plaintiff's failure to respond to discovery requests. (D.E. 24.) Austin did not respond to the motion.  On August 4, 2009, the motion to compel was referred to Magistrate Judge Bryant for determination. (D.E. 28.)  On September 29, 2009, Judge Bryant granted the motion to compel and ordered Plaintiff to serve his responses no later than October 12, 2009. (D.E. 30.) On November 11, 2009, Defendants filed a motion for contempt, (D.E. 31.) which was referred to Magistrate Judge Bryant for determination and/or report and recommendation. (D.E. 32.) Plaintiff also did not respond to this motion. Judge Bryant held a status conference at which Plaintiff appeared by telephone. (D.E. 35.) Judge Bryant

denied the motion for contempt without prejudice and ordered Austin to respond to all interrogatories and requests for production of documents by January 15, 2010. (D.E. 36.)

On February 3, 2010, Defendants filed a second motion for contempt, seeking dismissal of this case, based upon Plaintiff's failure to respond to discovery, with the exception of providing a medical records release. (D.E. 40.)  Austin again did not respond to the motion,[1] which was referred to Magistrate Judge Bryant on February 8, 2009. (D.E. 41.) On April 14, 2010, Judge Bryant issued a Report and Recommendation recommending that Defendants' motion for contempt be granted and Plaintiff's complaint be dismissed with prejudice. (D.E. 43.) The Report and Recommendation, which was served on the parties, notified them that "[a]ny exceptions to the Report and Recommendation shall be made within fourteen (14) days of the report." (Id. at 2.)

On May 7, 2010, Austin filed a "motion for continuance" which the Court construes as a motion for extension of time to complete the discovery requests. (D.E. 44.) Plaintiff does not respond to Judge Bryant's determination that he failed to obey two orders of the Court. Plaintiff alleges that his "files and evidence" are stored at his free world address and he has been unable to complete Defendant's discovery requests because of his inpatient alcohol treatment and return to prison. (Id. at 1.) He seeks an extension

---

[1]     On April 13, 2010, Austin filed a change of address which also requested additional time to respond to the discovery requests. The letter did not address the pending motion for contempt and was filed well beyond Magistrate Judge Bryant's second deadline of January 15, 2010.

of time until his next release from prison, November 21, 2010, or in the alternative, an additional ninety days.

The Court has reviewed the Report and Recommendation filed by the Magistrate Judge in this action. Austin did not seek a timely extension of the discovery deadline set by the scheduling order. He was not incarcerated from April 6, 2009, until at least the middle of January 2010, and had access to his "files and evidence." During that time, Austin did not respond to the discovery requests or to Defendants' motions to compel and for contempt, and did not seek additional time to comply with deadlines set by Magistrate Judge Bryant's orders.

Plaintiff alleges that he received alcohol treatment at Pathway Treatment Center from "the middle of January until March 25[,]" 2010, and was subsequently reincarcerated for violating his parole. He does not explain his failure to complete discovery during the eight months he was not in rehab or incarcerated. Plaintiff failed to obey two direct orders to respond to the discovery requests by October 12, 2009, and by January 15, 2010. His dilatory actions resulted in a continuance of the trial which was scheduled for January 19, 2010.

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Plaintiff's motion for a continuance (D.E. 44) is DENIED and Defendants' motion for contempt (D.E. 40) is GRANTED. The complaint is DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. District courts are required to determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal is frivolous. See, e.g., Glendora v. Porzio, 523 U.S. 206, 206, 118 S. Ct. 1124, 140 L. Ed. 2d 310 (1998) (*per curiam*) (barring prospective in forma pauperis filings because petitioner's appeals were frivolous). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. The same considerations that lead the Court to grant Defendants' motion for contempt and to dismiss this case also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and he may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Austin appeals the dismissal of this case. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take

5

advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and 28 U.S.C. § 1915(b).

    IT IS SO ORDERED this 20th day of May, 2010.

                                       s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE